**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TIFFANY SERRENE WILLIAMS-PENA,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 5:20-cv-43** |
| **FREEDOM MORTGAGE CORPORATION AND DEANNA RAY, AS SUBSTITUTE TRUSTEE,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**NOTICE OF REMOVAL**

Defendant Freedom Mortgage Corporation ("Freedom" or "Defendant") files this its Notice of Removal pursuant to 28 U.S.C. sections 1332, 1441, and 1446. In support of this Notice, Defendant states as follows:

**SUMMARY**

1.      Tiffany Serrene Williams-Pena ("Plaintiff") filed this action on January 6, 2019, in the 131st Judicial District Court of Bexar County, Texas, as cause number 2020CI00296 in the matter styled *Tiffany Serrene Williams-Pena v. Freedom Mortgage Corporation and Deanna Ray, as Substitute Trustee* (the "State Court Action"). Pursuant to sections 1441 and 1446 of Title 28 of the United States Code, defendant Freedom removes this case to the United States District Court for the Western District of Texas, San Antonio Division, the Judicial District and Division in which this action is pending.

2.      The allegations in *Plaintiff's Original Petition and Request for Injunctive Relief* ("Petition") filed on January 6, 2020—relate to the servicing of a loan agreement and title to the real property commonly known 9527 Old Depot, San Antonio, Texas 78250 ("Property"). (*See*

Petition at ¶ 6.)  In her Petition, Plaintiff alleges that Freedom breached the loan agreement contract by "failing to properly accelerate the debt at issue, failing to provide notice of the foreclosure sale as required by law, and failing to apply insurance proceeds either to reduce the debt owed or to restore or repair the damaged Property." (*Id*. at ¶ 17.)  Plaintiff also alleges that she did not receive the required notice of intent to accelerate the debt, notice of acceleration or notice of sale. (*Id*. at ¶ 19.)  Finally, Plaintiff asserts the Freedom should be estopped from foreclosing due to Freedom's alleged conduct, including an alleged promise not to foreclose. (*Id*. at ¶ 21.)  Based on these allegations, Plaintiff brings claims for breach of contract, attempted wrongful foreclosure and estoppel. (*Id*. at ¶¶ 16-21.)  As remedies, Plaintiff seeks injunctive relief, unspecified "actual damages" and attorney fees. (*Id*. at ¶¶ 22-27 and prayer.)

3.      A copy of the Docket Sheet from the State Court Action is attached as Exhibit A. Copies of all pleadings filed in the State Court Action are attached as Exhibit B.

4.      This Notice of Removal is timely under the provisions of 28 U.S.C. Section 1446(b) because this notice is being filed prior to completion of service or within thirty (30) days of service. 28 U.S.C. § 1446(b)(2).

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the properly joined parties are diverse and the amount in controversy is well in excess of $75,000.00 exclusive of interest and costs.

### A. There is complete diversity between Plaintiff and Freedom.

6.      Plaintiff is a citizen of Texas. (*See* Petition at ¶ 3.)

7.      Defendant Freedom is a New Jersey corporation with its principal place of business in New Jersey.  As such, Plaintiff is a citizen of New Jersey for purposes of diversity

jurisdiction.  See 28 U.S.C. § 1332(c)(1).

**B. Defendant Deanna Ray is improperly joined.**

8.      In the Petition, Plaintiff names Deanna Ray as a defendant solely in her capacity as a substitute trustee by express reference in both the case style and the body of the Petition. (*See* Petition generally and at ¶ 4.)  Deanna Ray is a citizen of Texas; however, her citizenship may be disregarded for purposes of diversity jurisdiction because she is improperly joined.

9.      Improper joinder "can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004)(citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003)).  If a plaintiff's claims against a defendant can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 569, 573 (5th Cir. 2004).

10.     Here, Plaintiff names Deanna Ray solely in her capacity as a substitute trustee. Under Texas law, a substitute trustee is not a proper party when named solely in her capacity as a substitute trustee. TEX. PROP. CODE § 51.007.   Under section 51.007, if a plaintiff cannot establish a basis for suing the substitute trustee in a capacity other than as substitute trustee, the claims must be dismissed. *Id*.  Here, Plaintiff names defendant Deanna Ray solely in her capacity as substitute trustee by express reference in both the case style and the body of the Petition. (*See* Petition generally.)   Furthermore, plaintiff refers to defendant Deanna Ray throughout the Petition as "Trustee." (*Id.*)  For this reason alone, Plaintiff has failed to state a claim for relief against Deanna Ray and her citizenship can be disregarded due to improper joinder.

11.     If the Court is willing to look past the express inclusion of defendant Deanna Ray solely in her capacity as substitute trustee, Plaintiff still has not stated a claim against Deanna

Ray upon which relief can be granted.  First, Plaintiff does not assert her claims for breach of contract or estoppel against Deanna Ray or allege any facts that would support either claim against Deanna Ray. (*See* Petition at ¶¶ 16-17, 20-21.)  Plaintiff's claim for "lack of notice" references "Trustee." At best, the lack of notice claim would be construed as a claim for attempted wrongful foreclosure.  Texas law does not recognize a claim for attempted wrongful foreclosure. *Suarez v. U.S. Bank Tr. Nat'l Ass'n as Tr. of CVI LCF Mortg. Loan Tr. I*, No. SA-18-CV-00849-OLG, 2019 WL 1048854, at *7 (W.D. Tex. Mar. 4, 2019), report and recommendation adopted, No. SA-18-CV-849-OG, 2019 WL 2565268 (W.D. Tex. Apr. 12, 2019).    Finally, Plaintiff seeks to restrain Deanna Ray from conducting the foreclosure sale; however, a request for injunctive relief cannot stand alone. *Torres-Aponte v. JP Morgan Chase Bank, N.A.,* 639 F. App'x 272, 274 (5th Cir. 2016).  For all of these reasons, Plaintiff has failed to state a claim against defendant Deanna Ray.  As such, she was improperly joined, and her citizenship can be disregarded for purposes of diversity jurisdiction.

## C. The amount in controversy exceeds $75,000.00.

12.    The amount in controversy exceeds the sum or value of $75,000.00. Plaintiff seeks injunctive relief, attorney's fees and unspecified actual damages. (*See* Petition at ¶¶ 22-27 and prayer.)  In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy

requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.")

13.     As set forth above, Plaintiff seeks injunctive relief preventing foreclosure on the Property. (*See* Petition at ¶¶ 22-27 and prayer.) In doing so, Plaintiff has put at issue the entire value of the Property.   The Bexar County Central Appraisal District values the property at $195,350.00. (Exhibits C, C-1.)  If Plaintiff is granted the injunctive relief requested, Freedom will lose the ability to enforce its lien interest in the Property.  Accordingly, the relief Plaintiff seeks places at issue the value of the Property, which is well in excess of $75,000.00.

14.     Defendant denies that Plaintiff is entitled to any relief, but there can be no question that Plaintiff's Petition, which seeks injunctive relief that will strip Defendant of an ability to foreclose on the Property and attorney's fees, puts in excess of $75,000.00 in controversy.

## **VENUE**

15.     Venue for removal is proper in this District and Division under 28 U.S.C. Section 1441(a) because this district and division embrace the 131st Judicial District Court of Bexar County, Texas, the forum in which the removed action was pending.

## **NOTICE**

16.     Concurrently with the filing of this Notice, Defendant will file a copy of this Notice of Removal with the Clerk of the 131st Judicial District Court of Bexar County, Texas.

Respectfully submitted,

*/s/ Dustin C. George*
**Dustin C. George**
Texas Bar No. 24065287
dustin.george@mwglegal.com
**MILLER, WATSON & GEORGE, P.C.**
5550 Granite Parkway, Suite 245
Plano, Texas 75024
Phone: (469) 518-4975
Fax: (469) 518-4972

*Attorney for Defendant Freedom Mortgage Corporation*

## <u>LIST OF ALL KNOWN COUNSEL OF RECORD</u>

For Plaintiff Tiffany Serrene Williams-Pena:

M. Alex Nava
A Nava & Glander Law Firm
13409 NW Military Hwy., Ste. 300
San Antonio, Texas 78231
(210) 305-4220
(210) 305-4219 (Fax)

For Defendant Freedom Mortgage Corporation:

Dustin C. George
Texas Bar No. 24065287
Miller, Watson & George, P.C.
5550 Granite Parkway, Suite 245
Plano, Texas 75024
(469) 518-4975
(469) 518-4972 (Fax)

## <u>INDEX OF DOCUMENTS ATTACHED</u>

Exhibit A        Copy of the Docket Sheet for Cause No. 2020CI00296, in the 131st District Court of Bexar County, Texas;

Exhibit B        Pleadings in Cause No. 2020CI00296, in the 131st District Court of Bexar County, Texas;

        B-1        Plaintiff's Original Petition;

        B-2        Temporary Restraining Order; and

        B-3        Trial Subpoena to Freedom Mortgage Corporation.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of January 2020 a true and correct copy of the foregoing was served via regular U.S. mail and email on the following counsel:

M. Alex Nava
A Nava & Glander Law Firm
13409 NW Military Hwy., Ste. 300
San Antonio, Texas 78231
serveone@anglawfirm.com
*Attorneys for Plaintiff*

       */s/ Dustin C. George*
       **DUSTIN C. GEORGE**